IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO REDUCE SENTENCE** |
| vs. ) | |
| ) | |
| Ervin St. Claire, ) | Case No. 4:14-cr-197 |
| ) | |
| Defendant. ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on September 20, 2023. See Doc. No. 105. The Government filed a response in opposition to the motion on October 3, 2023. See Doc. No. 107. For the reasons set forth below, the motion is denied.

I.  **BACKGROUND**

In October of 2014, Ervin St. Claire was initially indicted on two counts of aggravated sexual abuse of a child under the age of twelve, one count of abusive sexual contact, and one count of abusive sexual contact with a minor. See Doc. No. 15. On May 6, 2015, a superseding indictment added an additional count of aggravated sexual abuse of a child under the age of twelve and an additional count of abusive sexual contact. See Doc. No. 26.

The case went to trial in late June of 2015, the Honorable Ralph R. Erickson presiding. On July 1, 2015, St. Claire was found guilty on all six counts. See Doc. No. 40. On November 13, 2015, the Court sentenced St. Claire to concurrent life terms of imprisonment on Counts One, Two, Three, Five, and Six, a concurrent two-year sentence on Count Four, a life-time term of supervised release, and a $600 special assessment. See Doc. No. 51. St. Claire appealed. On August 5, 2016, the Eighth

1

Circuit Court of Appeals affirmed the conviction and sentence. See <u>United States v. St. Claire</u>, 831 F.3d 1039 (8th Cir. 2016).

On September 20, 2023, St. Claire filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) citing his need to act as a caregiver for his wife as "extraordinary and compelling" justifying the requested sentence reduction. See Doc. No. 105. The Government filed a response in opposition to the motion contending St. Claire had failed to provide an appropriate basis for a sentence reduction. See Doc. No. 107. St. Claire is serving his life sentence at USP Tucson in Tucson, Arizona.

## II.  LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP <u>or</u> upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, it is undisputed St. Claire has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. <u>United States v. Brown</u>, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See <u>Dillon v. United States</u>, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under

Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the First Step Act was signed into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

> **(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–

**(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or

**(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

**(3)** The reduction is consistent with this policy statement.

**(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

**(1) Medical Circumstances of the Defendant**.--

**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(B)** The defendant is–

**(i)** suffering from a serious physical or medical condition,

**(ii)** suffering from a serious functional or cognitive impairment, or

**(iii)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances–

4

>> **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
>> **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
>> **(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

> **(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
> **(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the

sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See U.S.S.G. § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

St. Claire is 74 years of age and has served approximately nine years of his life sentence. At sentencing, St. Claire was found to have a total offense level of 43, criminal history category III, and an advisory Sentencing Guideline range of life. St. Claire's primary contention is that his wife needs him to care for her as she is suffering from physical and mental decline, requires a caregiver, and is being taken advantage of by the people around her. St. Claire has failed to submit any evidence to support his claims. No medical records support St. Claire's contention that his wife needs a caregiver. There is no evidence St. Claire is the only available caregiver for his wife as required by Section 1B1.13(b)(3)(B) of the Sentencing Guidelines. Nor is there any evidence that his wife would like St. Claire released in order to care for her. The Court has carefully reviewed the entire record and concludes St. Claire has failed to demonstrate "extraordinary and compelling reasons" that would

warrant a sentence reduction.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

In addition, the Court concludes the Section 3553(a) factors weigh against any sentence reduction.  The offense conduct in this case is egregious.  The sentence imposed was clearly intended to reflect the seriousness of crimes committed, to promote respect for the law, and to provide just punishment.  His offenses which include multiple incidents of sexual abuse offenses against children, including children under the age of twelve.  St. Claire's crimes involve the sexual assault of three children over the course of twelve years.  In his motion, St. Claire's demonstrates a lack of remorse despite admitting to law enforcement the offense conduct which constituted one of the charges for which he was convicted.  If released St. Claire poses a clear danger to the safety of others and the community.  See St. Claire, 831 F.3d at 1043 (noting the district court observed "the evidence against St. Claire was overwhelming and St. Claire demonstrated a high risk to re-offend.")  The Court concludes St. Claire has failed to sustain his burden of proof to demonstrate an "extraordinary and compelling reason" that would warrant a sentence reduction.

### III.  CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 105) is **DENIED**.  The request for a hearing (Doc. No. 106) is also **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of February, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court